IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| WILLIAM R. JACKSON, JR., | : |
| Petitioner, | : |
| VS. | : 1 : 13-CV-02 (WLS) |
| ANTHONY WASHINGTON, Warden, | : |
| Respondent. | : |

**ORDER and RECOMMENDATION**

Presently pending in this ' 2254 action is the Respondent=s Motion to Dismiss the Petition as untimely. (Doc. 12). The Respondent contends that the Petitioner filed this federal habeas petition after the running of the one-year statute of limitations imposed by the Anti-Terrorism and Effective Death Penalty Act (AAEDPA@). The Petition was filed on January 9, 2013. (Doc. 1).

The Petitioner challenges his June 2007 and July 2009 Mitchell County convictions. The Petitioner pled guilty to terroristic threats and possession of a firearm by a convicted felon on June 20, 2007, and pled guilty to theft by taking on July 14, 2009. (Doc. 1). Petitioner did not appeal his convictions but filed a state habeas petition attacking the Mitchell County convictions in the Superior Court of Butts County on December 9, 2010.

Following an evidentiary hearing, the state habeas court denied relief on March 15, 2012. Petitioner's untimely application for a certificate of probable cause was dismissed by the Supreme Court of Georgia on November 5, 2012, and Petitioner's Motion for Reconsideration

of this dismissal was denied on November 27, 2012.

Pursuant to the AEDPA, which became effective on April 24, 1996, and is codified at 28 U.S.C. § 2241 *et seq*, a one-year statute of limitations applies to federal habeas petitions, running from the latest of several events. Section 2244(d)(1)(A) requires a prisoner to file a habeas petition within one year of "the date on which the [state court] judgment [of conviction] became final by the conclusion of direct review or the expiration of the time for seeking such review." The Act further provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review . . . is pending shall not be counted toward any period of limitation under this subsection." § 2244 (d)(2). When this one-year statute of limitation is applied to the facts herein it is clear that the Petitioner failed to file this federal habeas petition in a timely manner.

A review of the record reveals that the filing of this federal habeas petition was clearly untimely, and that the tolling provision of § 2244(d)(2) does not protect the Petitioner. Following his June 20, 2007 convictions, the Petitioner did not file a direct appeal, and his convictions became final on or about July 20, 2007, the date on which the 30-day period for filing a notice of appeal expired. Pursuant to 28 U.S.C. § 2244(d), the Petitioner had one year from July 20, 2007, in which to file this federal petition, or toll the limitations period by filing a state habeas petition. The Petitioner did not file a state habeas petition until December 9, 2010, and did not file this federal petition in a timely manner, waiting until January 2013 to file this federal petition.

Following his July 14, 2009 Mitchell County conviction, the Petitioner did not file a direct appeal, and his convictions became final on or about August 14, 2009, the date on which the 30-day period for filing a notice of appeal expired. Pursuant to 28 U.S.C. § 2244(d), the Petitioner had one year from August 14, 2009, in which to file this federal petition, or toll the limitations period by filing a state habeas petition. The Petitioner did not file a state habeas

petition until December 9, 2010, and did not file this federal petition in a timely manner, waiting until January 2013 to file this federal petition.

Additionally, the Petitioner, who was notified of Respondent's Motion to Dismiss, has not established the basis for equitable tolling of the time limitation. "Equitable tolling is appropriate when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." *Sandvik v. U.S.*, 177 F.3d 1269, 1271 (11th Cir. 1999). Petitioner has not identified any specific, extraordinary circumstance hindering his timely filing, nor has he established his diligence in pursuing relief. Finally, the Petitioner has not set forth any probative evidence of actual innocence. A claim of actual innocence must be supported "with new reliable evidence . . . that was not presented at trial . . . [that shows] sufficient doubt about [the petitioner's] guilt to undermine confidence in the result of the trial." *Schlup v. Delo*, 513 U.S. 298, 317 (1995). "[F]actual inaccuracy is not *sufficient* unless the inaccuracy demonstrates, at least colorably, that the petitioner is actually innocent, or ineligible for, either an adjudication of guilt or the sentence imposed." *Johnson v. Singletary*, 938 F.2d 1166, 1182 (11th Cir. 1991).

Inasmuch as this federal habeas petition was untimely filed, it is the recommendation of the undersigned that the Respondent's Motion to Dismiss be **GRANTED**. Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this Recommendation with the Honorable W. Louis Sands, United States District Judge, WITHIN FOURTEEN (14) DAYS after being served with a copy of this Recommendation.

The undersigned finds no substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). Therefore, it is recommended that the Court deny a certificate of appealability in its Final Order. If the Petitioner

files an objection to this Recommendation, he may include therein any arguments he wishes to make regarding a certificate of appealability.

Petitioner's Motion to Review (Doc. 15), Motion to Appoint Counsel (Doc. 16), Motion and Petition (Doc. 19), Motion and Petition (Doc. 20), Motion to Stay (Doc. 22), and Motion for Declaratory Judgment (Doc. 23) are **DENIED** as moot.

**SO ORDERED and RECOMMENDED**, this 13th day of August, 2013.

s/ *THOMAS Q. LANGSTAFF*

**UNITED STATES MAGISTRATE JUDGE**

asb