IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| WILLIAM R. JACKSON, Jr., | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | CASE NO.:  1:13-cv-2 (WLS) |
| | : | |
| ANTHONY WASHINGTON, Warden, | : | |
| | : | |
| Respondent. | : | |
| | : | |

## ORDER

Petitioner William R. Jackson Jr. filed this petition for a writ of habeas corpus under 28 U.S.C. § 2254 on January 9, 2013, seeking to vacate two convictions in the Mitchell County, Georgia courts. In particular, Jackson seeks to vacate a June 20, 2007 conviction for terroristic threats and possession of a firearm by a convicted felon and a July 14, 2009 conviction for theft by taking. The matter is before the Court on an Order and Recommendation from the United States Magistrate Judge, who recommends that the petition be dismissed as untimely under AEDPA's one-year statute of limitations. Jackson objects. The Court adopts the recommendation and dismisses the petition.

The undisputed record shows that, for both convictions, Jackson failed to file his federal habeas petition within a year of the dates the convictions became final. As the magistrate judge explained, Jackson did not file a state collateral attack until more than a year after both convictions became final. Therefore, section 2244(d)(2)'s tolling provision does not save Jackson's petition. The Court finds no merit in Jackson's objection. He apparently claims that the state and federal courts are unjust and discriminatory. In addition, Jackson appears to

1

argue that he was in "duress" and "distress" at the relevant time periods. But Jackson fails to offer evidence or even argument to support these bald statements. At bottom, there is nothing in the record to support equitable tolling or a showing of actual innocence.

For those reasons, and after a de novo review of the Recommendation (Doc. 24) and the record, the Court finds that Recommendation should be, and hereby is, **ACCEPTED**, **ADOPTED**, and made the Order of this Court for the reason of the findings made and reasons stated therein, together with the findings made, reasons stated, and conclusions reached herein. Jackson's Petition is **DISMISSED**.

Under Rule 11(a) of the Rules Governing Section 2254 and 2255 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." And "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Court finds that no reasonable jurist would find it debatable that the petition is untimely.

The Court therefore **DENIES** Jackson a certificate of appealability. Jackson's remaining motions (docs. 29, 30, 31, 33) are **DENIED** as moot.

**SO ORDERED**, this   2nd   day of December, 2013.

                 /s/ W. Louis Sands
                 **W. LOUIS SANDS, JUDGE**
                 **UNITED STATES DISTRICT COURT**